Good morning, Your Honors. May it please the Court. I am here representing Mr. Peters and I want to thank you initially for hearing this matter on an expedited basis. Mr. Peters, I know appreciates that and wanted me to convey that. The first point I want to address is whether you, Your Honors, should decide this matter as a direct appeal. That's an issue raised by the government. I think the answer to that is yes, and I'll give you a couple reasons for that. The first reason is this was an order made by the sentencing court that is at issue here. And if you look at even the cases that are at least factually analogous in this sense that the government cites, Granger and Sanchez v. Perillo, they're factually analogous because there the issue was whether or not the sentencing court did or did not, properly or improperly, give the defendant before them credit for custodial time served as a condition of probation once that probation was violated. Those are really the only cases that are factually analogous in that sense. Well, in those cases, both of those courts go on to say that the better practice, because in that case the district court, which was the sentencing court, was silent on what it intended to do. The circuit court, in reviewing those decisions by the district court, said the better practice is for the sentencing court to say what it intends to do here. Well, here what you have is a judgment that says that the defendant is committed to the custody of the Bureau of Prisons for a term of four months with credit for time served from the defendant's arrest on August 9, 2006. That's all it says. It doesn't grant or deny anything else. It just does what it does. And part of your argument, as I understood it, was that the court forbids any additional credits to be made, but I don't see that in the judgment. It's not reflected in the judgment except by omission. There was a request. Well, an omission isn't forbidding the Bureau of Prisons from granting the time. Well, I would say that if the Bureau of Prisons were to look at the question of what time should be provided here, there's two responses. One is it would almost certainly say, well, the court here granted you some time, credit for time served, but not any more time than that. The granting of credit for time served as of August 9 is granting the custodial time after his arrest on the probation application. Right. But it says nothing. I mean, as I read it, it simply doesn't say anything about other time. I don't understand how that forbids the Bureau of Prisons from granting the relief. The sentencing transcript does reflect his denial of the request on the ground. I know that, but the sentencing transcript doesn't control over the judgment, does it? I wouldn't say control over it, but I will say that it's cited as evident. How could the district court enter this judgment in accordance with a Wilson case? I think there's two responses to that. The first one is, and this relates to where I started, which is if you look at Granger and Sanchez v. Perillo, they're really the only cases where the question is, how do you apply custodial credits for a time served as a condition of probation? Wilson was a much more factually complicated case, and, in fact, all of the subsequent cases that followed Wilson's cited were questions of whether or not credit should be given for time spent in state facilities and whether it would also have been credited against another sentence, that was precisely Wilson, whether or not that defendant was going to get credit for time served in a Tennessee state facility against a state sentence or otherwise. Isn't Wilson pretty clear that the district court isn't supposed to opine on this subject at all, is it? It is, but to the extent that's the holding of Wilson, and this is the first point still, and there's a second point I'd like to make on this, the first point, if the first point is that Wilson states that proposition, it's hard to reconcile that with the analysis that the courts undertake in reviewing probation revocation decisions, as in Granger, where it says we should look to what, in fact, the district court, the sentencing court, should tell us what it intends. Well, if it's the sentencing court's obligation to tell state what it intends with respect to credit for time served as a condition of probation upon a probation revocation, well, then clearly that's something that should lie as a direct appeal. The second point that I want to make is. How can you say that in the face of Wilson? I just don't understand that. Well, I think both Granger, Granger preceded Wilson, but Sanchez v. Sanchez, I think, said unequivocally, at least, that in order to try to determine whether or not the district court intended to give credit or did not intend to give credit, they should, the district court, the sentencing court, should say something about that. Well, what we could do here, I suppose, would be simply to vacate that part of the judgment which gives any credit for anything or suggests any credit for anything. You couldn't have any objection to that, could you? I do not have any objection to that. The dilemma that it provides, and this is the second argument I'd have to make, is to the extent the remedy, the sole remedy, is then to go to the Bureau of Prisons, seek an administrative review, and then file a habeas corpus petition is, as the government seems to concede, I think, in their brief, the calculation by the Bureau of Prisons wasn't even completed until last week, November 6th. And so is it, let me, let me ask a sort of mootness question. With the calculation now complete, where are we? Is this still a live controversy between you? I think it is because I think the question, the question is if we brought a habeas corpus petition, the BOP denies it and the government's brief cites a program statement, not a regulation, but a program statement that says the Bureau of Prisons will deny this, the application for credit for the time served. Has it been denied? Is that what has happened? It has not yet been denied. Nothing has happened with respect to that yet. They just gave the calculation last week, and I don't know whether Mr. Peters has filed anything or not administratively. What I'm trying to understand, I'm not asking the question very well. Does he agree or disagree with the calculation that has now been made? He disagrees. Okay. He disagrees because it gives only the credit that the judge awarded in the judgment. It doesn't give the credit for the time previously served. And that is allegedly in accordance with the standard of practice of the Bureau of Prisons. Allegedly, yes. And that's basically been the statement of the, there's a program statement, a policy statement of the BOP cited in the government's brief, which stands for that proposition, which is they're not going to credit him for time served as a judge once probation has been violated. Here, though, the dilemma is in order to file a habeas corpus petition, what's going to happen is, suppose BOP denies it and we go into the district court, assuming we could do that expeditiously because his allegedly illegal portion of his sentence is due to start in a couple weeks, what would happen is that district court then would say, well, what did the sentencing court decide? I mean, that's the essence of Granger and Sanchez v. Perillo. And we're essentially back to where we are now, which is, was the sentencing court right or wrong in saying it gave a sentence and then didn't affirmatively deny that credit? Well, it didn't. And that's what I keep coming back to. The judgment, which is the only thing that can be appealed from or questioned in habeas, says nothing about the legal issue that you're asking us to decide. It's silent. And I don't understand how that, how that forwards the analysis to, so why couldn't the habeas court, if that's where it belonged, simply look at what the Bureau of Prisons did and say, is this legally correct or incorrect? It could, assuming that it could be done expeditiously enough to make it meaningful to Mr. Peters, it could look at that question. The, the, the problem is it's going to look at exactly the same thing. It's going to look at what did the district court do? And I realized the judgment is silent on the denial of that credit. So it's up to the Bureau of Prisons. That's what the habeas court would say. It's up to the Bureau of Prisons. They have this legal position that they've taken. Is it right or wrong? They would reach the merits of your argument. And they would reach, and they would reach the merits though, by looking as the Granger court did, and as, as the Sanchez court did, at what the sentencing court intended. That's, that's one of the things they would look and say, was the sentencing court intending to give him credit or deny him credit if the record had been silent? Here they're saying, hey, the sentencing court intended, clearly he sentenced him to less than the maximum, but gave him no credit for that time served. Affirmatively denied it. I mean, it was a request on the record and it was affirmatively denied. And that's why it's not in the judgment, because the relief we were seeking, the credit was denied. Therefore, it's not part of the judgment. And so that's what the habeas court would look at. And that's exactly what the issue is here. Whether that denial, in light of the sentence that was given, is something that is, is, is legal or illegal. And we'd say it's illegal for all the reasons we state in our brief. I think under the statute and even the sentencing guideline, which was not B1.3, which I'm not sure that the habeas court can get into the, whatever happened to the district court. With all due respect, I think that's exactly what the habeas court did in the cases that are most closely analogous to this, that I see my time is up now. Yes. But we asked you a bunch of questions, so you may have a minute for rebuttal on the time stamps. Mr. Raphael. Thank you, Your Honor. May it please the court. I'm Michael Raphael on behalf of the United States. Your Honor, in this case, the defendant is asking for credit for 10 days of prison time that he served pursuant to required by his earlier sentence for probation. His opening brief raises a 3585B argument about credits. That is the province of the Bureau of Prisons. As Judge Gregory Graper's questions indicated, what normally happens, the district court comes up with a judgment. The judgment says a sentence, in this case, four months. The Bureau of Prisons takes that sentence. All they have is the judgment. They don't have transcripts of what might've gone on in court. And they take that sentence, four months, and determine mechanically using their procedures, which follow 3585B, and determine how long has this person served in prison, what does he get credit for, and what days should he be released? So the 3585B issue is kind of a mechanical one that speaks to what Bureau of Prisons would do. Now, there's another way that a defendant can, in the informal sense, ask for credit from a district court, and that is to simply, at sentencing, as this defendant did, say, Your Honor, please give me a lower sentence for whatever the reason is. And it would be procedurally proper for the defendant to have appealed that discretionary decision from the district court here. The district court said, No, I want to give you a four-month sentence. I don't want to lower it anymore. It would be procedurally proper for the defendant to appeal that. And we would argue, in response, that was within the court's discretion, and there's no basis for reversing that. There would nothing be, nothing would be procedurally wrong. And in defendant's reply brief, he cites a number of cases around pages 10 and 11 that kind of give away the game on this. The cases are called Martin, Miller, and Carpenter. And those cases say that a district court may depart downward at sentencing based on time that the defendant has previously served, and that can be taken into  So, a court could specifically distinguish 3585B and say, This is not a 3585B matter, which is the Bureau of Prisons. This is the court's discretion at sentencing to go downward. So, a court could go downward at sentencing even for things that are not proper for BOP to credit for. For example, for time that a defendant might have spent in a treatment center. The court could, and this is the holding of Miller from this court in 1993, the somewhat because you spent time in a treatment center. So, that's something that would be procedurally proper. For this case to be procedurally proper, the defendant has to be challenging BOP's determination on 3583B, determination mechanically under that, to not award credit. That, as we've argued in our brief, BOP's policy is one that is at the minimum a reasonable interpretation of the statute. We believe it's mandated by the plain text of the statute, which says the defendant is not supposed to get credit for time that he served that was credited to another sentence, as the 10 days in this case where they were required by his earlier sentence. The 10 days aren't sort of hanging out there as pretrial time that maybe he never was sentenced for. So, we think BOP's policy is a correct interpretation of the statute, but at a minimum, it's a legal, reasonable interpretation. You're asking us to affirm this judgment of the district court, is that correct? Yes. And how can we do that when the district court opined in its judgment on an issue of time served, but said, well, this fellow is entitled to X days of time served that he served in prison after his probation was revoked? Well, Your Honor, if I may. That's improper under the Wilson case, isn't it? Yes, it is. Yes. How can we affirm that? Yes, it is. And BOP repeatedly asks our district courts and says, district courts, please don't put in the judgments anything about. How can we affirm it? Well, because that's kind of an advisory opinion, respectfully, Your Honor. It so happens that what the court put in the judgment, Your Honor, the court got right. Judge Cuddy, the court got correct under BOP standard that the defendant should get credit from August 9th on, which is when he went to. Maybe right, but the Supreme Court said he's not supposed to do it. Well, but it didn't make a difference here, Your Honor, because first of all, the district court got it right. And my point. You're saying it's harmless error that for him to have included this surplusage. Is that your position? Yes, it is harmless error. And it happens to be substantively correct that every defendant, you know, always gets credit. Is it possible for it to be harmless error if it's an act outside of what the district court is empowered to do under a Supreme Court precedent? Absolutely. Because it, BOP. Technically, ultraviolet research. Well, Your Honor, what BOP says, and they even have this in kind of their formal statements, is that they have to, they ask district courts not to put these things in the orders because they have to ignore them if they're wrong, and they don't like to sort of contradict a court order. So if the court would have said wrongly under BOP's policy, the court would have said, you don't get credit. I think, I think the import of our questions is not what you're responding to, and that is, if the court was without authority to add those words in the And how can we affirm the judgment? Don't we have to require the court to take those words out? Well, maybe we can just take them out ourselves. Do you have any objection to that? I don't. It doesn't, it doesn't. But it is harmless error. And here's one thing to keep in mind is that's not what the defendant is appealing here. He got those nine days from August 9th to August 18th. I know that. But what's before us is something that appears to be inconsistent with what the district court's limitations are on what it is permitted to do. And I, and. So that, that seems to be maybe a different species of error. But the court's rule, of course, is if there is an error in a judgment that's not appealed, the court doesn't have to reach out and correct it. And it's all the more reason not to do it where it's not something the defendant challenges. It's not something that. But what is being appealed here? What is being appealed? The defendant is asking, not for those nine days of credit between August 9th. No, no, no. What judgment is being appealed? The sentence in judgment. Okay. But the claim that's wrong, the claim of error is not that he was denied those nine days because he got those nine days from the district court. But the ten days that he served earlier as part of his. You don't misunderstand that. Okay. I think, I think that we're sort of talking across purposes. I think our concern is whether, even though it's not the days at issue, whether the district court did something that it wasn't allowed to do. Yes. At all. And that we should take cognizance of that. Yes. Well, Your Honor, I have known as a practical matter. I mean, it's not unprecedented because BOP's had little battles where they have to come to our district court before, where the district courts have put something that BOP disagrees with in its counting procedures in the judgment, and the district court is unhappy later on because the court thought things would be concurrent with, time would be counted when it wasn't counted, and BOP has to do its own counting and figure out when the defendant is released. Here, what the district court put in there was sort of an advisory opinion that doesn't matter ultimately, but it happens to come out the same way as BOP came out. So to me, it's all, it's all the more harmless. It's all the more reason not to do it. The only reason to change it would be to simply let the district court know next time don't put this in. But it doesn't have to, because it doesn't create any substantive error, it doesn't seem to me that there's any reason to change that because what the defendant is arguing here is not that that part's wrong. The defendant's arguing, I want those 10 days. The district court didn't put anything about that in the judgment. The district court denied those 10 days. BOP denies those 10 days, and we think that's correct. And so even if the defendant had properly teed this up by waiting for BOP's determination or getting BOP to make a determination, you know, bringing it to 2241 and then bringing it in this court, this court would be reviewing substantively BOP's determination on those 10 days. And I really think that the, you know, while it doesn't cause us any harm for you to correct the judgment in this way that you're suggesting, I simply don't think it's necessary because defendant's not really challenging the outcome there. And that would kind of just be a mechanical procedure that, it doesn't seem to me that anyone has a problem with. I don't think that that's a necessary thing to correct. I do want to address any other questions. There are a number of arguments in the reply brief that I disagree with. You have 24 seconds for them. Okay. I would want to mention, I hate to, we missed in doing our brief, we had five business dates to do it, but the defendant does have an appeal waiver here. And I hate to bring it up at the argument, but there is an appeal waiver at page nine of the excerpt of record that was in the plea agreement. That appeal waiver probably includes the right to appeal this sentence as well. And we did not brief that before the court. And I can understand the court wouldn't be focused on that either. Thank you counsel. Mr. Tabak, you have a minute. Just to address the last issue, I think there's a couple reasons why I wouldn't apply in this instance. First of all, by its language, it doesn't apply to a probation revocation sentencing. Where are you starting from? Sorry. The last point that Mr. Raffel made. The appeal waiver? The appeal waiver. That it doesn't apply to a probation revocation sentencing and would not apply to an issue such as this, which is part of a sentencing hearing but is not the sentence itself. And lastly, I think it provides that where the implementation of the sentence would be unconstitutional, which is part of our argument here, which is failure to credit time served as a custodial time served as a condition of probation upon a probation revocation amounts to a violation of double jeopardy if that's how it's construed. The only point that I would want to make is I think the legal question before Your Honors is not just whether or not the trial court could properly have done that, properly have made a calculation of credits or a determination of credits, granting some, denying some, but whether its decision, whether the reason, the basis for its decision is one that's viable under the law. I think that legal question can be answered by you because it's in front of you, not just the authority question, but even assuming the court did have authority, its determination was incorrect for the reasons we stated in our brief. Thank you. Thank you, counsel. The case just argued is submitted. We stand adjourned for this calendar for today.
judges: B. Fletcher, Caudahy , Graber